**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SHAWN GREEN,**

                **Petitioner,**

                **v.**                              **Civil No. 9:01-CV-1761**
                                                     **(GLS/VEB)**

**GEORGE DUNCAN,**

                **Respondent.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PETITIONER:**

SHAWN GREEN
Petitioner, *Pro Se*
97-A-0801
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821-0051

**FOR THE RESPONDENT:**

HON. ANDREW CUOMO         STEVEN H. SCHWARTZ
Office of the Attorney General     Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

After Shawn Green filed a *habeas corpus* petition challenging disciplinary penalties he received while incarcerated at the Upstate Correctional Facility, *see Dkt. No. 1*; *see also* 28 U.S.C. § 2254, his petition was referred to Magistrate Judge Victor E. Bianchini for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254; N.D.N.Y. R. 72.3(c). Subsequently, Judge Bianchini issued a report recommending that the petition be denied. *See Report-Recommendation ("R&R"), Dkt. No. 13*.[1]

## II. Facts

On November 19, 1999, Green was in his cell's "recreation pen"[2] after the pen was supposed to be closed. *See* (Tr. at 7-8).[3] After a sergeant ordered him to enter his cell and lock the pen door, Green refused to comply and locked himself in the recreation pen. *See id.* After other prison officials unsuccessfully ordered Green to come out, they forcibly removed him and returned him to his cell. *See id.*

---

[1] The Clerk is directed to append the Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 13*.

[2] The recreation pen is a room connected to, but behind, the cell.

[3] "Tr." refers to the prison records attached to respondent's answer. *See Dkt. Nos. 6,7*.

On November 20, 1999, Green was served with an inmate behavior report, charging him with failure to respond to a direct order and conduct that disturbs the order of the facility. *See* (Tr. at 2). A Tier III prison disciplinary hearing commenced on December 1, 1999. *See* (Tr. at 1). Green pled not guilty to the charges, claiming that he was never directly ordered to leave the pen. *See* (Tr. at 15-16). M. Patnode, the hearing officer, considered Green's testimony, the misbehavior report, and a surveillance videotape of the incident and ultimately found Green guilty of all charges. *See* (Tr. at 24). Green's punishment was eight months confinement to SHU, loss of telephone and packages, and three months recommended loss of good time credit. *See id.*

### III. Discussion

Broadly construing Green's petition, Judge Bianchini concluded that it raised the following three issues: (1) whether the hearing officer was biased, (2) whether the regulations charged were vague, and (3) whether the regulations charged were appropriate in light of the circumstances. Having thoroughly considered Green's arguments and the underlying record, Judge Bianchini concluded that Green did not suffer a violation of his due process rights.

3

In particular, Judge Bianchini determined that the hearing officer was not impartial and was entitled to find, based on the evidence presented, that Green was guilty of all charges.  *See Dkt. No. 13.*  Moreover, he found that Green has failed to demonstrate that the DOCS regulations with which he was charged were either unconstitutionally vague or inappropriate in light of the circumstances.  *See id.*  Ultimately, Judge Bianchini concluded that all claims lacked merit and recommended that Green's petition be denied.  *See Dkt. No. 13.*

Green has now filed timely objections to Judge Bianchini's report. *See Dkt. Nos. 14.*  Because his objections specifically attack Judge Bianchini's legal and factual findings, they will be reviewed under a *de novo* standard*.  See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006).  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

First, Green argues that Judge Bianchini erred in concluding that the evidence presented at the disciplinary hearing supported the impartial hearing officer's findings.  *See Dkt. No. 14*.  Having reviewed the record *de novo*, the court agrees with Judge Bianchini that the evidence cited by the

hearing officer supports his finding that Green was guilty of all charges. In particular, the videotape presented at the hearing depicts various officers coming into Green's cell to remove him from the recreation pen. The logical inference to be drawn from this evidence is that Green refused to come out of the pen when ordered, requiring that the officers physically remove him. In addition, Green does not dispute that he was informed of his right to call witnesses. *See* (Tr. at 7). However, no witnesses were called. Instead, the hearing officer relied on Green's own testimony, the misbehavior report, and the videotape. As such, in light of this evidence, the court concludes that the hearing officer was entitled to find Green guilty on all charges.

Second, Green claims that Magistrate Judge Bianchini used an inappropriate standard when considering the vagueness of the DOCS regulations charged. Having reviewed Judge Bianchini's report *de novo*, the court concludes that Judge Bianchini used the appropriate standard of review in considering each and every one of the grounds raised in Green's petition.

## IV. Conclusion

Having reviewed the objected-to portions of the Report-

Recommendation *de novo* and Green's objections, this court accepts and adopts the recommendation of Magistrate Judge Bianchini for the reasons stated in the January 31, 2007 Report-Recommendation.

**WHEREFORE**, and for the reasons stated, it is hereby

**ORDERED** that Green's application for *habeas corpus* relief is **DENIED** and his petition is **DISMISSED**; and it is further

**ORDERED** that Magistrate Judge Bianchini's January 31, 2007 Report-Recommendation is **ADOPTED IN ITS ENTIRETY**; and it is further

**ORDERED** that the clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

August 13, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge

6